JOHN W. MARKSON
CIRCUIT COURT, BR 1

| STATE OF WISCONSIN | CIRCUIT COURT | DANE COUNTY |
|---|---|---|

Kevin & Karen Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI  53040

**Plaintiff,**

Vs.                                            Case # **12CV4194**
                                               Code: 30107

TRANS UNION LLC
100 Cross St.  Suite #202
San Luis Obispo, CA 93401

Registered agent for process serving:
The Prentice-Hall Corporation System, Inc.
8040 Excelsior Dr.
Madison, WI 53717

**Defendant,**

                                                              **SUMMONS**

---

### THE STATE OF WISCONSIN, To each person named above as a Defendant:

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within (45) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is **215 S. Hamilton Street #1000, Madison, WI  53707** and to Kevin & Karen Scheunemann, Plaintiff, whose address is 210 Dream Catcher Dr, Kewaskum,  WI 53040.   You may have an attorney help or represent you.

If you do not provide a proper answer within (45) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated in Washington County, Wisconsin this ____ day of _____ 2012.

By: _____          By: _____

Kevin  Scheunemann                Karen Scheunemann
**210 Dream Catcher**              **210 Dream Catcher**
**Kewaskum, WI  53040**            **Kewaskum, WI  53040**

1

**STATE OF WISCONSIN    CIRCUIT COURT      DANE COUNTY**

---

Kevin & Karen Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI 53040
                              Plaintiff,

Vs.                                        Case #      **12CV4194**
                                           Code: 30107

TRANS UNION LLC
100 Cross St.  Suite #202
San Luis Obispo, CA 93401

Registered agent for process serving:
The Prentice-Hall Corporation System, Inc.
8040 Excelsior Dr.
Madison, WI 53717
                              Defendant.

                                    COMPLAINT
                                    **Amount Claimed is over $5000

---

## ORIGINAL COMPLAINT FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

---

        NOW INTO COURT, come Kevin & Karen Scheunemann, who respectfully pray for Judgment against defendant, as follows:

1. Plaintiffs, KEVIN & KAREN SCHEUNEMANN are natural persons residing at 210 Dream Catcher Dr; Kewaskum, WI 53040.

2. Defendant herein is:  TRANS UNION LLC., (hereinafter referred to as "TU"), a foreign corporation authorized to do and doing business in the State of Wisconsin, with principle offices in the State of Illinois, and who will be served through its authorized agent for service of process in Madison, WI.

### JURISDICTION OF THE COURT

3. Defendant is liable unto Plaintiffs pursuant to the provisions of the "Fair Credit Reporting Act," 15 U.S.C. § 1681, *et seq.* Defendant is also liable to Plaintiff pursuant to the Wisconsin Consumer Act, and the Wisconsin Deceptive Trade Practices Act.

4. Plaintiffs, KEVIN & KAREN SCHEUNEMANN, are entitled to, and demand, a trial by jury.

### REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

5. Plaintiffs, KEVIN & KAREN SCHEUNEMANN, respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against Defendant under federal and state laws.

### REQUEST FOR COSTS OF LITIGATION AND ATTORNEYS' FEES

6. Plaintiffs, KEVIN & KAREN SCHEUNEMANN, respectfully request that this Honorable Court instruct the jury, as the trier of facts, that in addition to an award of damages, and the costs of litigation. Plaintiff also seeks an award of his reasonable attorneys' fees incurred by Plaintiffs.

### GENERAL FACTUAL BASIS FOR COMPLAINT

*TU's failure to investigate and false credit reporting*

7. On March 16, 2010, Kevin & Karen Scheunemann entered into an agreement to "terminate and indemnify" several accelerated Chase Bank ("Chase") credit card accounts, being held by Palisades Collection, LLC ("Palisades").

8. In exchange for this settlement agreement with Palisades, a copy of which is attached to this complaint, Kevin & Karen Scheunemann agreed to settle their claims and dismiss, with prejudice, Federal Court case #3:09CV-00601 in the Eastern District of Wisconsin against Palisades.  This settlement agreement terminated any balance due on the "Chase" credit card accounts.

9. Since March 16, 2010, Plaintiffs have disputed the erroneous "amounts due", and "past due", of the "Chase" accounts with TU, including sending in a copy of the settlement agreement for TU to review.   TU refuses to acknowledge the impact of this settlement agreement in their fraudulent credit reporting.

10. In November 2010, Kevin Scheunemann entered into a broad court stipulation in Washington County Case 09CV503 with FIA Card Services releasing and dismissing.   The stipulation and court order stated:

"The above parties, by their undersigned counsel, hereby stipulate and agree that the above-entitled action, including all claims and counterclaims filed herein, as well as all claims, counterclaims and third-party claims *that could have been filed* herein, be dismissed upon its merits, with prejudice, and without costs to any party" (*emphasis added*).

**11. Despite the court order of the Honorable James Muehlbauer, TU continues to post "amounts due" and "past due" from FIA Card Services on Kevin and Karen Scheunemann's credit report.**

**12. Plaintiffs have, on several occasions, disputed all negative FIA Card Services reporting with TU, including sending in the attached signed court order and stipulation, and TU refuses to conduct a reasonable investigation, which if done, would result in deletion.**

**13. Plaintiffs also have disputed other negative credit reporting information resulting from the expiration of the Statue of Repose on various accounts with little to no action with TU.**

**14. As a result of TU's failure to investigate, and false credit reporting, Plaintiffs were denied mortgage refinancing, incurred tremendous upcharges on insurance rates, were unfairly denied credit, unable to protect a defaulted second lien on a business investment, and constantly feared losing their existing franchise business over the false credit reporting.**

### *TU's Deceptive Trade Practice*

**16. On or about October 10, 2012, Plaintiffs filed an American Arbitration Association (AAA) arbitration, under the AAA "consumer protocols", to resolve these credit reporting matters privately, and quietly.  The binding arbitration clause between the parties was promulgated in a Trans Union credit report/score product, which Scheunemanns purchased last year.**

**17. On October 17, 2012, Plaintiffs were contacted by Sue Anne Esterly-Parrish (EsterlyParrishs@adr.org), case manager for AAA, indicating the AAA arbitration could not be administered because TU refuses to bring their contractual arbitration clause into compliance with required AAA consumer protocols.  Sue Anne Easterly-Parrish indicated TU was previously warned about this issue and has done nothing about it.**

2

18. Today, TU continues to promulgate AAA arbitration as a dispute resolution vehicle to unsuspecting consumers like the Scheunemanns, despite the fact AAA has informed TU it will not administer arbitrations under the arbitration language TU forces the public to unilaterally accept.

### *Facts about the damage TU has caused Plaintiffs*

19. It's clear TU publishes information about, and to the Plaintiffs, which are false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated.

20. Defendant, TU, failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

21. Defendant, TU, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

22. Defendant, TU, has continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

23. Defendant, TU, failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on plaintiff's consumer reports.

24. Defendant, TU, created, maintains and utilizes a credit reporting system which is defective and does not comply with the Fair Credit Reporting Act or other laws governing Defendant's actions.

25. Upon information and belief, Defendant, TU, utilizes a search algorithm, which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

26. Defendant, TU, has improperly posted accounts and other data to Plaintiff's credit file(s).

27. Defendant, TU, has, maliciously and/or with willful intent to injure, defamed Plaintiff and invaded Plaintiff's legitimate expectation of privacy.

**28. In addition to actual or compensatory damages, TU, is liable unto Plaintiffs in a sum to be assessed by the trier of fact for punitive/exemplary damages under states' laws, and/or for willful violation(s) of the provisions of the Fair Credit Reporting Act, Wisconsin Consumer Act, Wisconsin Deceptive Trade Practices Act or other applicable federal laws.**

**WHEREFORE, PLAINTIFFS, KEVIN & KAREN SCHEUNEMANN, PRAY after all due proceedings are had there be Judgment herein in favor of Plaintiff and against Defendant, TU, as follows:**

**29. That there be Judgment herein in favor of Plaintiff and against Defendant, TU., for all reasonable damages sustained by Plaintiff, including, but not limited to, compensatory damages associated with the costs of being denied credit, the costs incurred in repairing his credit history, out-of-pocket expenses, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal safety and security, jeopardizing his medical school studies, progress and career, and for punitive damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and states' laws, together with legal interest thereon from date of judicial demand until paid.**

**FURTHER,**

• Declaratory judgment that Defendants' conduct violated the Wisconsin Consumer Act.

• Wisconsin Consumer Act actual damages under Wis. Stat. § 425.304 (2).

• Damages under Wis. Stat. § 427.105 (1) for emotional distress and mental anguish.

• Statutory damages pursuant to Wis. Stat. § 427.105 (1) & Wis. Stat. § 425.304.

• Costs and reasonable attorney fees pursuant to Wis. Stat. § 425.308.

• Punitive Damages under Wis. Stat. § 895.043.

• Pecuniary losses under Wis. Stat. § 100.18.

•Declaration of personal Liability for any damage award in favor of Plaintiff, against owners of Defendants under Wis. Stat. § 425.310.

•Injunction prohibiting TU from promulgating a AAA arbitration clause to Wisconsin consumers.

•For such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED**

**Respectfully Submitted,**
Kevin & Karen Scheunemann
210 Dream Catcher
Kewaskum, WI  53040

Dated in Washington County, Wisconsin this ⎜9th day of Oct
2012.

By: _____                    _____

Kevin & Karen Scheunemann
210 Dream Catcher
Kewaskum, WI  53040
262-339-5425
kewaskumdq@frontier.com

6

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.   **INTRODUCTION.**   This Settlement Agreement and General Release ("Agreement") is made and entered into and is effective as of the date below, by and among Kevin & Karen Scheunemann ("Plaintiffs"), in an action alleging violations of the Wisconsin Consumer Act ("CPA"), Wis. Stat. § 427.01, *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Wisconsin Deceptive Trade Practices Act ("DTPA"), Wis. Stat. § 100.18, as well as common law claims for invasion of privacy, intentional infliction of emotional distress and negligent training and supervision, and Palisades Collection, LLC ("Palisades") denying Plaintiffs' claims. To avoid the expense and uncertainty of litigation, and without admitting the validity of the claims and defenses asserted or potentially asserted by each other, Plaintiffs and Palisades (collectively "Parties") have agreed to enter into this Agreement ("Agreement) in regard to the lawsuit captioned *Kevin & Karen Scheunemann v. Palisades Collection, LLC* that was filed in the Circuit Court of Dodge County Wisconsin and assigned Case No. 09 CV 830, which was subsequently removed to the United States District Court, Western District of Wisconsin and assigned and assigned Court File No.: 3:09-cv-00601-slc ("Lawsuit").

THEREFORE, in consideration of the foregoing, and of the promises contained herein, the Parties agree as follows:

2.   **SCOPE OF AGREEMENT.**   This Agreement encompasses any and all collection efforts and/or credit reporting of Palisades and its attorneys, agents and employees, relative to its attempts to collect on the outstanding balance on the former

1553590v1

Chase   Bank   Account   Nos.   4640182010448805,   4417122644217789, 4266841047785025 and 5222760020157590 ("Accounts"), which are the accounts at issue in this matter. Plaintiffs dispute that they are responsible for the Accounts. While denying Plaintiffs' claims, Palisades agrees waive the balance owing on the Accounts, close the Accounts and refrain from selling or otherwise assigning the Accounts to any other entity. Palisades further agrees to request the deletion of its tradelines regarding the Accounts to the applicable consumer reporting agencies, if any and if not already completed. Plaintiffs understand and acknowledge that Palisades is not responsible for the acts and/or omissions of any consumer reporting agency. In exchange for the payment set forth below, Plaintiffs agree to take all steps necessary to dismiss the Lawsuit with prejudice.

3.      **PAYMENT AMOUNT.**     To resolve this dispute, Palisades shall pay to Plaintiffs the total sum of Five Thousand and 00/100 dollars ($5,000.00). Palisades agrees that it will refrain from issuing an IRS Form 1099 with respect to the waiver of the Accounts.

4.      **PAYMENT MANNER.**     The amount referenced in Paragraph 3 shall be made payable to Kevin & Karen Scheunemann and shall be tendered to 210 Dream Catcher Dr., Kewaskum, Wisconsin 53040 within twenty (20) days from the date of receipt by Palisades' counsel of this Agreement executed by Plaintiffs.

5.      **RELEASE.**   Plaintiffs, on their behalf and on behalf of their heirs and assigns hereby release, indemnify and discharge Palisades and its respective current and former predecessors, successors, parents, affiliates, subsidiaries, original creditor (except "Chase Manhatten Bank USA N.A." and its subsidiaries) and all of the

1553590v1                              -2-

aforementioneds' respective agents, employees, officers, directors, shareholders, attorneys, collection agencies, independent contractors and vendors (hereafter "Releasees") from all claims of any kind (including all claims for damages, interest, fees and/or attorney's fees), including but not limited to any claims that Plaintiffs may have against Palisades regarding the Accounts, including without limitation, all claims that were asserted or could have been asserted as of the date of this Agreement, including, but not limited to, claims for invasion of privacy or any other claim arising under state or federal law, claims arising under the federal Fair Debt Collection Practices Act and the Gramm Leach Bliley Act (aka the Financial Services Modernization Act), claims arising under the Fair Credit Reporting Act and any Consumer Fraud Act, in addition to any state law claims.  Plaintiffs further agree that they will not file any claims, complaints, affidavits, arbitrations and/or proceedings with any court, arbitration forum, regulatory or administrative agency ("Proceedings") with respect to the matters released in this Agreement against any of the aforementioned, and any such proceedings filed prior to the execution of this Agreement, if any, shall promptly be dismissed or withdrawn.

Palisades, on its behalf and on behalf of its assigns hereby releases, indemnifies and discharges Plaintiffs from all claims of any kind (including all claims for damages, interest, fees and/or attorney's fees) relating to the Accounts.  This Agreement is intended to resolve forever the entire disagreement between Plaintiffs and Palisades relating to the Accounts, all of which are intended as beneficiaries of this Agreement and entitled to enforce it.

6.   **GOVERNING LAW.**   This Agreement shall be governed by the substantive laws of the State of Wisconsin.

n.d

7.   **CONSTRUCTION.**      The Parties certify that they have had a full opportunity to review this agreement and have had the opportunity to consult with an attorney of their own choosing; thus, the Parties agree that the rule of construction to the effect that ambiguities are to be resolved against the drafting party shall not be applied in construing this Agreement.    Plaintiffs further set forth that they have knowingly and willfully proceeded in the Lawsuit *pro se* and understand that Palisades' undersigned counsel do not represent them nor do they owe any duty to Plaintiffs.

8.   **EXECUTION IN COUNTERPARTS.**     This Agreement may be executed in counterparts, each with the full force and effect of an original document.  In addition, a copy or facsimile of this Agreement shall have the same force and effect of an original document.

9.   **SUCCESSOR RIGHTS AND LIABILITIES.**   This Agreement shall be binding upon and shall inure to the benefit of the respective successors, assigns, and legal representatives of all parties hereto.  Nothing in this Agreement, express or implied, is intended by the Parties to confer upon any person other than the Parties hereto or their respective successors or assigns and those entities/individuals set forth in paragraph 5 herein, any rights or benefits under or by reason of this Agreement.

10.   **CONFIDENTIALITY.**  Plaintiffs agree that, from the date of the execution of this Agreement, they will hereafter keep strictly confidential the claims between the Parties, the matters giving rise to this Agreement, and the substance of this Agreement. Plaintiffs agree that they will not disclose any information regarding this Agreement or the substance or subject matter hereof to any person, firm, corporation, or other entity,

1553590v1                              -4-

orally or in writing, except as is necessary to comply with applicable laws and regulations, court orders or other process of law.

11.   **ENTIRE AGREEMENT.**   The Parties agree and each represent that each has read and fully understand the terms of this Agreement.   The Parties agree and represent that no promise, inducement, or agreement not expressed in this Agreement has been made by any of the Parties.   The Parties agree and represent that this Agreement contains the entire agreement among them and may not be modified or supplemented except by a writing signed by the Parties.   The Parties agree and represent that the terms of this agreement are contractual and not a mere recital.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the dates below.

_____

Kevin Scheunemann

STATE OF WISCONSIN          )
                            ) ss.
COUNTY OF Washington        )


On this 16 day of March_____, 2010, before me did appear Kevin Scheunemann, to me personally known, who by me duly sworn, did acknowledge said Agreement to be his free act and deed.

Kirsty Vloot_____
Notary Public   my commission expires
                       3-13-11

1553590v1                              -5-

_Karen Scheunemann_
Karen Scheunemann

STATE OF WISCONSIN       )
                                    ) ss.
COUNTY OF _Washington_    )

On this _1th_ day of _March_, 2010, before me did appear Karen Scheunemann, to me personally known, who by me duly sworn, did acknowledge said Agreement to be her free act and deed.

_Kristy Vogt_
Notary Public   my commission expires: 3-13-11


Palisades Collection, LLC

By _[signature]_

Its _Assistant VP Operations / Director of Litigation_

APPROVED AS TO FORM:

Palisades Collection, LLC

*James R. Bedell*
Michael S. Poncin, Esq.
James R. Bedell, Esq.
MOSS & BARNETT, P.A.
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129

1553590v1                                        -7-



**K Scheunemann <dqmonkeys@gmail.com>**

## Fw: ***Document for Case: 51 420 01222 12 (Print 3)
1 message

**Kevin** <kewaskumdq@frontier.com>                                                      Fri, Oct 19, 2012 at 1:43 PM
To: dqmonkeys@gmail.com

----- Original Message -----
**From:**
**To:** Kevin
**Sent:** Thursday, October 18, 2012 10:34 AM
**Subject:** RE: ***Document for Case: 51 420 01222 **12**

Mr. Scheunemann –

The requested documents are being sent to you in the mail at the address you provided below.

All arbitrations are confidential and I am unable to provide you with information on other cases.

Thank you and have a nice day.

 American Arbitration Association
*Dispute Resolution Services Worldwide*

**Sue Anne Esterly-Parrish**
**Case Filing Specialist**
Voorhees, NJ 08043
Tel:
Fax:
E-mail:
www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Kevin [mailto:             ]
**Sent:** Wednesday, October 17, 2012 12:36 PM
**To:** Sue Anne Esterly-Parrish
**Subject:** Re: ***Document for Case: 51 420 01222 12

Please return documents.

I also want a copy of the correspondence where AAA asked Trans Union to previously comply with the AAA consumer protocol and refused.

Kevin Scheunemann

210 Dream Catcher Dr.

Kewaskum, WI 53040

----- Original Message -----

**From:**

**To:**

**Sent:** Wednesday, October 17, 2012 10:53 AM

**Subject:** ***Document for Case: 51 420 01222 12

American Arbitration Association - Dispute Resolution Services Worldwide          http://www.adr.org

http://www.adr.org

DATE      10/17/2012 11:52:43 AM

TO      Kevin and Karen Scheunemann

COMPANY      Kevin and Karen Scheunemann

EMAIL      

FROM      Sue Anne Esterly-Parrish

NUMBER OF      1
ATTACHMENTS

RE      Case number: 51 420 01222 12

Please see the attached documents in connection with the above referenced case.

RECIPIENTS      Kevin and Karen Scheunemann

NOTES:

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

10/19/2012 2:10 PM



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

**Sue Anne Esterly-Parrish**

**Case Filing Specialist**

Voorhees, NJ 08043

**Tel:** 8??-???-????

**Fax:** 8??-304-8457

**E-mail:** Esterly.Parrish@adr.org

www.adr.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

phone: 877-495-4185
fax: 877-304-8457

Case Filing Services
1101 Laurel Oak Road, Suite 100
Voorhees, NJ  08043
www.adr.org

October 17, 2012

**SENT VIA EMAIL AND U.S. MAIL**
Kevin and Karen Scheunemann
210 Dream Catcher Drive
Kewaskum, WI  53040

**SENT VIA U.S. MAIL ONLY**
TransUnion, LLC
100 Cross Street
Suite 202
San Luis Obispo, CA  93401

Re: 51 420 01222 12
    Kevin and Karen Scheunemann
    v.
    Trans Union

Dear Parties:

The claimant has filed with us a Demand for Arbitration of a dispute arising out of a contract between the above parties.  We note that the arbitration clause provides for arbitration by the American Arbitration Association.  The American Arbitration Association applies the *Supplementary Procedures for Consumer-Related Disputes* to arbitration clauses in agreements between individual consumers and businesses where the business has a standardized, systematic application of arbitration clauses with customers and where the terms and conditions of the purchase of standardized, consumable goods or services are non-negotiable or primarily non-negotiable in most or all of its terms, conditions, features, or choices.  The product or service must be for personal or household use.  The *Supplementary Procedures for Consumer-Related Disputes* ("Consumer Rules") of the *Commercial Arbitration Rules* and the *Consumer Due Process Protocol* may be found on our web site at www.adr.org.  You may also obtain a printed copy from the undersigned.

In order to determine if the arbitration agreement substantially and materially complies with the due process standards of the Consumer Due Process Protocol, **the AAA reviews the parties' arbitration clause only**, and not the entire contract.  The AAA's review of the arbitration clause is only an administrative review to determine whether the clause complies with the AAA's minimum due process standards in consumer arbitrations.  However, the AAA's review is not an opinion on whether the arbitration agreement, the contract, or any part of the contract is legally enforceable.

As the business has previously not complied with our request to adhere to our policy regarding consumer claims, we must decline to administer this claim and any other claims between this business and its consumers.  We request that the business remove the AAA name from its arbitration clause so that there is no confusion to the public regarding our decision.

Accordingly, we are closing this matter and will destroy the filing documents within 30 days.  Upon your request, we will return the filing documents to you.

Sincerely,

/s/ *Sue Anne Esterly-Parrish*

Sue Anne Esterly-Parrish
Case Filing Specialist
856.679.4623
EsterlyParrishS@adr.org

*Supervisor Information: Tara Parvey, 856-679-4602, ParveyT@adr.org*

STATE OF WISCONSIN     CIRCUIT COURT     WASHINGTON COUNTY

FIA CARD SERVICES, N.A.,
f/k/a MBNA AMERICA BANK, N.A.,

          Plaintiff,                   Case No: 09 CV 603

v.

KEVIN SCHEUNEMANN,

          Defendant.               Our File No. 667839

---

## STIPULATION AND ORDER FOR DISMISSAL

### STIPULATION

    The above parties, by their undersigned counsel, hereby stipulate and agree that the above-entitled action, including all claims and counterclaims filed herein, as well as all claims, counterclaims and third-party claims that could have been filed herein, be dismissed upon its merits, with prejudice, and without costs to any party.

                            RAUSCH, STURM, ISRAEL, ENERSON &
                            HORNIK, LLC
                            Attorneys for Plaintiff
                            FIA CARD SERVICES, N.A.

Dated: __11/9/10__            By: _____
                            Robert Hornik
                            State Bar No: 1016917

                            KEVIN SCHEUNEMANN
                            Defendant

Dated: __11/3/10__            By: _____
                            Kevin Scheunemann

## ORDER FOR DISMISSAL

Based upon the above executed Stipulation, and upon all of the records, files and proceedings herein;

IT IS HEREBY ORDERED that the above-entitled action, including all claims and counterclaims filed herein, as well as all claims, counterclaims and third-party claims that could have been filed herein, is hereby dismissed upon its merits, with prejudice, and without costs to any party.

Dated this __18th__ day of __February__, 2011.

BY THE COURT:

_____

Honorable James K. Muchlbauer
Circuit Court Judge, Branch 2

**FINAL DOCUMENT FOR PURPOSES OF APPEAL**

2

Kevin & Karen Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI 53040



10/19/12

## Dane County Clerk of Courts
## 215 S. Hamilton Street #1000,
## Madison, WI 53707

Re: New filing:   Kevin & Karen Scheunemann vs.
Trans Union LLC

Dear Clerk of Courts;

Enclosed is 3 copies of the Summons and Complaint.

There is a petition for fee waiver from plaintiffs
enclosed, with supporting paperwork meeting the
Wis. Stats. 814.29 (d) (1) criteria for filing fee
waiver.

Please call me upon granting of fee waiver at 262-
339-5425, mail 1 stamped Summons and Complaint back
to me in SASE, and forward 1 stamped copy to
Sherrif's Department for service to:

*all copies ret'd to*
*PK*
*10-03-19*
*KJ*

Trans Union **registered agent for process serving;**
The Prentice-Hall Corporation System, Inc.
8040 Excelsior Dr.
Madison, WI 53717

Thank you,

Kevin and Karen Scheunemann